IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROGER COPELAND, SR.,<br><br>    Plaintiff,<br><br>    v.<br><br>EARL HOUSER, Superintendent III, DEPARTMENT OF CORRECTIONS, STATE OF ALASKA,<br><br>    Defendant. | Case No. 3:22-cv-00201-JMK |

## SCREENING ORDER

On September 12, 2022, self-represented prisoner, Roger Copeland, Sr. ("Plaintiff"), filed a Complaint and a civil cover sheet.[1] Plaintiff also filed an application to waive prepayment of the filing fee.[2] On December 22, 2022, Plaintiff filed a Motion for Default Judgment.[3] Plaintiff brings suit against Earl Houser, Superintendent of Goose Creek Correctional Center for the State of Alaska Department of Corrections ("Defendant").[4] Plaintiff seeks unspecified injunctive relief, a jury trial, damages in the amount of $5,000,000, punitive damages in the

---

[1] Dockets 1–2.

[2] Docket 3. Mr. Copeland did not use the Alaska District Court form, but instead used an Alaska State Court form. However, he attached a certified prison trust account statement with transactions for the past six months demonstrating his inability to prepay the filing fee.

[3] Docket 4.

[4] Docket 1 at 1.

amount of $5,000,000, and an order requiring Defendant to "pay for damage, punitive, mental anguish, [and] duress."[5]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[6]

To determine whether a complaint states a valid claim for which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[7] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[8]

---

[5] Docket 1 at 2–3.

[6] 28 U.S.C. § 1915A.

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001), *impliedly overruled on other grounds*).

[8] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 2 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 2 of 17

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[9] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[10]

## DISCUSSION

Plaintiff alleges his rights were violated by "Dept. of Correction" on or about March 2020. He alleges he fell down the stairs and hit a door due to a wet floor at the Anchorage Jail. He claims he received surgery on his left arm, but he has permanent damage to his left arm and shoulder, feet, and knees. He also asserts he has damage to his back and to his face and gums due to impact from the fall. He alleges "the medical staff will not provide proper medical." Plaintiff asserts that the State of Alaska refuses to provide him with a copy of his medical records after he paid $84.00 to the Department of Corrections. He alleges that he has a cast on his hand, it is useless, and his doctor told him "he can't do anything else to it." He alleges that the Department of Corrections "will not attend to my pain [and] suffering."[11]

---

[9] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[10] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[11] Docket 1 at 3.

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 3 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 3 of 17

The Court takes judicial notice[12] of Plaintiff's status as a pre-trial detainee in the ongoing criminal case at 3AN-18-09350-CR, before the Alaska Superior Court.[13] The Court also takes judicial notice of Plaintiff's previous Section 1983 case before this Court, involving the same underlying criminal case, at *Copeland v. Robert, et al.,* 3:21-cv-00102-SLG.[14]

As a threshold matter, Plaintiff has not met the basic Rule 8 pleading requirements to state a claim upon which relief may granted. Additionally, claims under 42 U.S.C. § 1983 have specific, elemental pleading requirements. As pleaded, Plaintiff has not provided sufficient plausible factual details, that if proven true, would constitute a violation of his civil rights. The Court now provides the following guidance to assist Plaintiff in any amended complaint he may file.

I. **Federal Rule 8 Failure to State a Claim**

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the

---

[12] Fed. R. Evid. 201(b)(2) permits judicial notice of a fact that is "not subject to reasonable dispute because it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[13] *See* https://records.courts.alaska.gov/eaccess/searchresults, *State of Alaska v. Roger Dail Copeland, Sr.,* 3AN-18-09350CR.

[14] Plaintiff's Civil Rights Complaint was dismissed with prejudice and the dismissal counted as a "strike" against Plaintiff under 28 U.S.C. § 1915(g). The Court determined that Plaintiff could not state a plausible claim for relief under Section 1983 against his publicly funded attorney, the administrative law judge, or a state assistant attorney general, involving a specific report of sexual abuse of a minor, which was subsequently found to be unsubstantiated by a state agency. *See* 3:21-cv-0102-SLG, Docket 5.

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 4 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 4 of 17

[complainant] is entitled to relief[.]" To state a claim, a complaint must demonstrate that a defendant caused the plaintiff harm.[15] Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. While a complaint need not contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[16]

Here, Plaintiff alleges he required surgery on his left arm and suffers damage to his arm and shoulder, face and gums, and back, but he does not provide the Court with facts regarding where, when or how the injuries occurred. For example, Plaintiff has not told the Court when he fell, the extent of the injuries at the time of the fall, or what medical care he received for those injuries. Plaintiff does not specify what medical treatment he requested but was denied, who denied treatment, and how it was denied, nor does he provide information regarding which medical records he requested and how he was denied access to them. Moreover, he does not include information connecting either his injuries or surgery to the named Defendant.

---

[15] To establish Article III standing, a plaintiff must show that (1) he has suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical, (2) the injury is fairly traceable to the challenged action of the defendant, and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. U.S.C.A. Const. Art. 3, § 2, cl. 1.

[16] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 5 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 5 of 17

Although Plaintiff need not include legal reasoning or briefing, he needs to explain what happened, when and where the events occurred, how he was hurt, what his specific injuries were, and how Defendant or others were involved. Plaintiff should state the facts in his own words, as if he were briefly and concisely telling someone what happened.

## II. Failure to State Plausible Claims for Relief under 42 U.S.C. § 1983

Under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[17]  Section 1983 does not confer federal constitutional or federal statutory rights.  Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[18]  Upon screening, Plaintiff's Complaint does not state plausible claims for relief under Section 1983 for the following reasons:

## III. Each Defendant Must Be a "Person"

A defendant in a civil rights lawsuit must be a "person."  As discussed further below, the person may be sued in either an "individual" or "official" capacity, depending on the type of relief being sought.  A lawsuit may include multiple defendants so long as each person acted under color of state law and was involved in causing the violation of a federal right.

---

[17] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[18] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 6 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 6 of 17

Plaintiff has named only Earl Houser in his lawsuit, but he makes allegations against unspecified persons and the State of Alaska and Department of Corrections in his Complaint.[19] The State of Alaska and state agencies, such as Department of Corrections ("DOC"), are not considered "persons" under Section 1983.[20] The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency agrees to waive its immunity.[21] If Plaintiff wants to name defendants in addition to Superintendent Houser, Plaintiff must name a person or entity that is considered a person under Section 1983.

## IV. Defendant Must Be Acting Under the Color of State Law

A defendant in a Section 1983 lawsuit must be "acting under color of state law."[22] A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only

---

[19] *See* Docket 1.

[20] Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989).

[21] *Alabama v. Pugh,* 438 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890); *see also Jackson v. Hayakawa,* 682 F.2d 1344, 1349–50 (9th Cir. 1982) (setting forth the factors used to determine whether a governmental entity is "an arm of the state.").

[22] *West v. Atkins*, 487 U.S. 42, 49 (1988).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 7 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 7 of 17

because the wrongdoer is clothed with the authority of state law.'"[23] Defendant Houser is employed as a superintendent for the Department of Corrections. Therefore, Plaintiff has adequately alleged that Defendant Houser was acting under color of state law. Any additional defendant named by Plaintiff must have been acting under color of state law.

**V.  Individual and Official Capacity**

In order to properly bring a §1983 claim, Plaintiff needs to name a defendant, that is a state actor, who caused him harm. In a § 1983 action, a defendant may be sued in their "individual" or "official" capacity or both, depending on the type of relief being sought.[24]

   A.   <u>Individual Capacity</u>

In order for a defendant to be individually liable under Section 1983, that defendant must personally participate in an alleged rights deprivation.[25] "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."[26] A defendant sued in his individual

---

[23] *West*, 487 U.S. at 49 (internal citations omitted); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

[24] If a lawsuit seeks both money damages and an injunction or declaration of rights, the plaintiff can sue the defendants in both their individual capacity and their official capacity. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989); *Ashker v. Cal. Dept. of Corrections*, 112 F.3d 392, 395 (9th Cir. 1997); *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

[25] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).

[26] *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 8 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 8 of 17

capacity may be held liable for money damages.[27] In order for Plaintiff to sue defendants in an individual capacity, he must allege facts that if proven would demonstrate that a defendant (1) personally participated in depriving Plaintiff of his rights and (2) that defendant's actions caused Plaintiff's injury.[28]

Here, Plaintiff makes a claim for monetary damages, but he does not name any defendants as individually liable. The only named Defendant is Earl Houser and it appears that Plaintiff is attempting to make a claim against Defendant Earl Houser in his official capacity.[29]

B. Official Capacity

In a Section 1983 action, a plaintiff may sue a defendant in an official capacity as an alternate way of pleading a claim against the governmental entity for which that individual is an officer or employee.[30] A plaintiff suing a defendant in his official capacity is not required to allege the "named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."[31] Instead, a plaintiff must only (1) "identify the law or policy challenged"

---

[27] *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

[28] If a defendant who is being sued in an official capacity passes away, resigns, or gets transferred, the person who takes over the job will automatically be substituted in as the defendant. Fed. R. Civ. P. 25(d).

[29] In his Section 1983 Complaint, Plaintiff alleges "[t]he policy or custom of this official's government agency violates my rights, and I seek injunctive relief (to stop or require someone to do something)." Docket 1 at 1.

[30] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

[31] *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 9 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 9 of 17

and (2) "name the official within the entity who can appropriately respond to injunctive relief."[32] However, a defendant sued in his official capacity may not be sued for monetary damages, only for injunctive relief.[33]

Here, Plaintiff names Earl Houser as the Superintendent of Goose Creek Correction Center. He checked the box on the Court's form stating that the policy or custom of Defendant Earl Houser's government agency violates Plaintiff's civil rights and he seeks injunctive relief. However, Plaintiff then claims monetary damages as relief.[34]

In order for Plaintiff to sue Defendant Earl Houser or other defendants in their official capacity, Plaintiff must (1) identify the policy he challenges and (2) demonstrate that that particular defendant is able to respond to the injunctive relief he requests.

## VI. Violation of Rights

Plaintiff claims Defendant is violating his civil rights, but he does not indicate which civil rights have been violated nor does he provide details regarding how his civil rights have been violated.[35] Construing Plaintiff's Complaint liberally, it appears he is claiming he has been denied medical care.

---

[32] *Hartmann*, 707 F.3d at 1127.

[33] See Will v. Mich. Dep't. of State Police, 491 U.S. 64, 71 n.10.

[34] Docket 1 at 8.

[35] Docket 1 at 2–3.

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 10 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 10 of 17

Section 1983 does not confer federal constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[36] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a Section 1983 remedy for violations of the statute in question.[37] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[38]

### A. Allegations of Inadequate Medical Care

Claims for violations of the right to adequate medical care for pretrial detainees made under the Fourteenth Amendment should be evaluated under an objective deliberate indifference standard.[39] As stated above, the Court takes judicial notice that Plaintiff is a pretrial detainee.[40]

In his Complaint, Plaintiff states that "the medical staff will not provide proper medical [care]" and "the doctor said he can't do anything else to [his left arm]."[41]

---

[36] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[37] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).

[38] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[39] *Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018).

[40] Docket 1 at 3. *See State of Alaska vs. Copeland, Sr., Roger Dail*, 3AN-18-09350-CR. https://records.courts.alaska.gov/eaccess/searchresults.

[41] Docket 1 at 3.

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 11 of 17
Case 3:22-cv-00201-JMK    Document 6    Filed 04/04/23    Page 11 of 17

However, to bring a claim for inadequate medical care, Plaintiff must show for each defendant named: (1) the defendant made an intentional decision with respect to the denial of needed medical care; (2) the denial of needed medical care put plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.[42]

As discussed above, Plaintiff has not included sufficient facts for the Court to understand whether Plaintiff is alleging Defendant Earl Houser personally violated his rights or personally denied his medical care or whether it was a policy. He has not alleged enough facts for the Court to determine if Plaintiff intends to bring suit against other state actors who allegedly denied him medical care. Plaintiff must plead factual content that allows the Court to draw the "reasonable inference" that a defendant is liable for the misconduct alleged.[43]

### B. Medical Malpractice, Negligence, Other Tort claims

Medical malpractice, negligence, and other tort claims are grounded in state law and are most typically addressed in Alaska state court. While Section 1983

---

[42] *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018); *Sandoval v. Cnty. of San Diego*, 985 F.3d 657 (9th Cir. 2021).

[43] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 12 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 12 of 17

does not provide a mechanism for a plaintiff to litigate issues of state law, if a plaintiff can successfully plead a Section 1983 claim, the federal district court may extend supplemental jurisdiction to any state law claims.[44]

Under Alaska law, a plaintiff in a medical malpractice action must: (1) establish a standard of care, (2) show that the defendant failed to exercise this standard of care, and (3) establish that the failure was the proximate cause of the defendant's injuries.[45] In malpractice actions there is no presumption of negligence on the part of the defendant.[46]

Under Alaska law, a plaintiff in a negligence case must show the defendant owed the plaintiff a duty of care, the defendant breached that duty, the plaintiff was injured, and the defendant's breach of duty was the proximate cause of the plaintiff's injury.[47]

As pleaded, Plaintiff does not establish a viable constitutional claim under 42 U.S.C. § 1983. Plaintiff would need to plead sufficient plausible facts to meet

---

[44] Under 28 U.S.C. § 1367, a federal district court may hear state law claims by exercising supplemental jurisdiction, in cases where federal question jurisdiction already exists and there are state law claims that derive from a common nucleus of operative facts. However, a federal district court may also decline to exercise jurisdiction over state law claims, if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

[45] Alaska Stat. § 09.55.540.

[46] Alaska Stat. § 09.55.540(b).

[47] *Edenshaw v. Safeway, Inc.*, 186 P.3d 568, 571 (Alaska 2008), abrogated in part on other grounds by *Buntin v. Schlumberger Tech. Corp.*, 487 P.3d 595 (Alaska 2021).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 13 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 13 of 17

the elements or one or more relevant constitutional claims. If Plaintiff can successfully plead a constitutional violation under Section 1983, he may also be able to plead accompanying state tort claims, which this court may extend jurisdiction over. The statute of limitations of personal injury tort claims in Alaska is two years.[48]

## CONCLUSION

Plaintiff fails to plead sufficient plausible facts to meet the requirements of Rule 8 of Federal Civil Procedure or a civil rights action under 42 U.S.C. § 1983. The Court grants leave to amend his complaint in accord with the guidance provided above. Further, a default judgment is not appropriate at this time.[49] Therefore, Plaintiff's Motion at Docket 4 is DENIED.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at Docket 1 is **DISMISSED** for failing to state a claim upon which relief may be granted. The Court grants leave to amend.

2. The Prisoner's Application to Waive Prepayment of the Filing Fee at Docket 3 is **GRANTED**. Federal law requires that a prisoner may only waive prepayment of the fees associated with civil lawsuits.[50] The Court cautions Plaintiff that should he proceed in suit and sufficiently plead a claim, the

---

[48] Alaska Stat. § 09.10.070.

[49] *See* Fed. R. Civ. P. 55.

[50] 28 U.S.C. § 1915(a).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 14 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 14 of 17

Court would issue a separate order on the collection of the filing fee and he would be obligated to pay the filing fee incrementally until the $402.00 filing fee is paid in full.

3. Plaintiff's Motion at Docket 4 is **DENIED.**

4. Plaintiff is accorded **30 days, until May 4, 2023**, to file **one of the following**:

   a. <u>First Amended Complaint</u>, in which Plaintiff restates his claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaint in its entirety.[51] Plaintiff need not supply legal research, only the facts that he alleges in support of an amended complaint. Plaintiff must include all of the claims he seeks to bring in an amended complaint. Any claims not included in the amended complaint will be considered waived. Any exhibits attached to the amended complaint should be submitted without alteration by Plaintiff; **OR**

   b. <u>Notice of Voluntary Dismissal</u>, which would inform the Court that Plaintiff no longer wishes to pursue his lawsuit and would dismiss the entire action. A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

---

[51] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 15 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 15 of 17

5. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 30 days, on or before May 4, 2023**, this action may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff. This dismissal would count as a "strike" against Plaintiff under § 1915(g).[52]

6. At all times, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure without further notice to Plaintiff.

7. Each litigant is responsible for keeping a copy of each document filed with the Court. When a litigant mails a document to the Court, the Court will mail to the litigant a Notice of Electronic Filing ("NEF") that will indicate when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page, In the event of special

---

[52] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 16 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 16 of 17

circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

8. The Clerk of Court is directed to send Plaintiff the following forms with this order: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 4th day of April, 2023, at Anchorage, Alaska.

/s Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Screening Order
Page 17 of 17
Case 3:22-cv-00201-JMK   Document 6   Filed 04/04/23   Page 17 of 17