# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ROGER COPELAND,

        Plaintiff,

        v.

EARL HOUSER and MISS THOMAS,

        Defendants.

Case No. 3:22-cv-00201-JMK

## SECOND SCREENING ORDER

On September 12, 2022, self-represented prisoner Roger Copeland filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, and a motion for default judgment.[1] The Court screened the complaint, found it deficient, but granted leave to file an amended complaint.[2] In Plaintiff's First Amended Complaint, Plaintiff alleges Defendants have failed to provide him with adequate medical care and violated his due process rights. Plaintiff seeks damages in the amount of $5,000,000; punitive damages in the amount of $5,000,000; and an order requiring defendants to provide "complete medical care."[3]

---

[1] Dockets 1–4.

[2] Docket 5.

[3] Docket 7 at 5.

As explained further below, Plaintiff's First Amended Complaint does not contain sufficient plausible facts to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure. Therefore, the Court must dismiss the First Amended Complaint. However, the Court grants Plaintiff leave to file a second amended complaint in accordance with the guidance contained in this order.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[4] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[5]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[6] Rule 8 of the Federal

---

[4] 28 U.S.C. §§ 1915, 1915A.

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Second Screening Order
Page 2 of 15
Case 3:22-cv-00201-JMK   Document 8   Filed 12/13/23   Page 2 of 15

Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[7] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[8] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[9] In conducting its screening review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[10] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[12]

## DISCUSSION

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state

---

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Id.*

[9] *Id.* (internal citations and quotations omitted).

[10] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[11] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Second Screening Order
Page 3 of 15
Case 3:22-cv-00201-JMK   Document 8   Filed 12/13/23   Page 3 of 15

law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[13] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[14] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[15] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[16]

A defendant in a civil rights lawsuit must be a "person."[17] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[18] A plaintiff must allege that he or she suffered a specific injury as a result of the

---

[13] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[14] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[15] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[16] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[17] 42 U.S.C. § 1983.

[18] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Second Screening Order
Page 4 of 15
Case 3:22-cv-00201-JMK   Document 8   Filed 12/13/23   Page 4 of 15

conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[19]

## A. Plaintiff's Claims Against Miss Thomas

Plaintiff includes "Miss Thomas" in the caption of his First Amended Complaint.[20] However, Plaintiff does not name Miss Thomas in either of his claims or make any specific allegations against her in his narrative. Plaintiff has not alleged a causal link between an injury and the conduct of this defendant. Therefore, Plaintiff has not stated a plausible claim against Miss Thomas.

## B. Plaintiff's Claims Against Earl Houser

A person who acted under color of state law and caused a violation of federal rights may be sued in either an "individual" or "official" capacity. A defendant sued in an individual capacity may be held liable for monetary damages.[21] But a defendant sued in an official capacity may not be sued for damages, only for injunctive relief.[22] Liability under Section 1983 arises only upon a showing of personal participation by the defendant. "A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or

---

[19] *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

[20] Docket 7 at 1.

[21] *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

[22] *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 n.10 (1989).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Second Screening Order
Page 5 of 15
Case 3:22-cv-00201-JMK   Document 8   Filed 12/13/23   Page 5 of 15

directed the violations or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [Section] 1983."[23]

In order to impose liability for monetary damages under Section 1983, a plaintiff must prove that a "government-official defendant, through the official's own individual actions, has violated the Constitution."[24] The official in a personal-capacity suit may, depending upon the facts, be able to establish immunity from claims for damages.[25] In order to sufficiently plead an individual capacity claim against a supervisor under Section 1983, a plaintiff must allege "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[26] Supervisors may be liable "even without overt personal participation if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[27]

---

[23] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022) ("[S]upervisors can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others." (internal quotation marks and citation omitted)).

[24] *Iqbal,* 556 U.S. at 676.

[25] *Kentucky v. Graham,* 473 U.S. 159, 166–67(1985).

[26] *Keates v. Koile,* 883 F.3d 1228, 1242–43 (9th Cir. 2018) (quoting *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotation marks omitted)).

[27] Docket 73 at 4 (internal citations and quotations omitted).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Second Screening Order
Page 6 of 15
Case 3:22-cv-00201-JMK   Document 8   Filed 12/13/23   Page 6 of 15

However, it is not enough to allege that a supervisor implemented a policy that may have infringed on a plaintiff's constitutional rights.[28] Rather, a prison policy that burdens a constitutional right is permissible so long as "it is reasonably related to legitimate penological interests" and "does not represent an exaggerated response to those concerns."[29]

### 1. Due process claim

Plaintiff alleges Earl Houser violated his due process rights by denying Plaintiff copies of his medical records to submit as evidence in this case. The procedural guarantees of the Fourteenth Amendment's Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake.[30] "'[L]awfully incarcerated persons retain only a narrow range of protected liberty interests.'"[31] Plaintiff does not have a constitutional right to access his medical records.[32] Further, Plaintiff need not submit medical documentation or other records with his complaint. This case is at the screening stage and discovery has

---

[28] *Starr v. Baca,* 652 F.3d at 1207; *see also Lacey v. Maricopa County,* 693 F.3d 896, 915–16 (9th Cir. 2012) (discussing culpability and intent of supervisors).

[29] *Turner v. Safley,* 482 U.S. 78, 89 (1987).

[30] *See Ingraham v. Wright*, 430 U.S. 651, 672–73 (1977); *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003); *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997); *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995); *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir. 1995); *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993).

[31] *Chappell v. Mandeville*, 706 F.3d 1052, 1062–63 (9th Cir. 2013),

[32] *Veenstra v. Idaho State Bd. of Correction,* No. 1:15-CV-00270-EJL, 2017 WL 4820353, at *6 (D. Idaho Oct. 24, 2017), *aff'd,* 785 F. App'x 390 (9th Cir. 2019) (holding that prisoner-plaintiffs have no constitutional right to access their medical records).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Second Screening Order
Page 7 of 15
Case 3:22-cv-00201-JMK   Document 8   Filed 12/13/23   Page 7 of 15

not yet been opened. If this case proceeds, discovery will be opened and Plaintiff will be allowed to request and subpoena documents he believes are necessary to prove his case. Accordingly, Plaintiff has not alleged facts to support a viable claim of due process. Therefore, this claim must be DISMISSED.

### 2. Inadequate medical treatment claim

In order to state a claim for violations involving medical care, an inmate must allege plausible facts that, if proven, would establish that a defendant has been deliberately indifferent to a serious medical need.[33] A serious medical need is an objective standard and may be found if the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[34] Indicators of a serious medical need include: "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."[35]

As explained further below, claims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate

---

[33] *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

[34] *Peralta v. Dillard,* 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citations and further internal quotation marks omitted).

[35] *Colwell v. Bannister*, 763 F.3d at 1066 (9th Cir. 2014) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Second Screening Order
Page 8 of 15
Case 3:22-cv-00201-JMK   Document 8   Filed 12/13/23   Page 8 of 15

indifference standard.[36] Whereas, once convicted, a prisoner[37] may only bring a claim for inadequate medical care under the Eighth Amendment's Cruel and Unusual Punishments Clause and must satisfy both an objective and subjective deliberate indifference standard.[38]

### a. Pretrial detainee medical care claim under the Fourteenth Amendment

To state a medical care claim under the Fourteenth Amendment, a pretrial detainee must plausibly allege facts that, if proven, would establish each of the following four elements:

> (1) the defendant made an intentional decision with respect to the denial of needed medical care;
>
> (2) the denial of needed medical care put the plaintiff at substantial risk of suffering serious harm;
>
> (3) the defendant did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable state actor under the circumstances would have understood the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

---

[36] *Gordon v. Cnty. of Orange,* 888 F.3d 1118, 1124 (9th Cir. 2018) ("[M]edical care claims brought by pretrial detainees also 'arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause'") (quoting *Castro v. Cnty. of Los Angeles,* 833 F.3d 1060, 1069-70 (9th Cir. 2016)). *See also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.").

[37] *Norbert v. City & Cnty. of San Francisco,* 10 F.4th 918, 927 (9th Cir. 2021) (a pretrial detainee becomes a prisoner once they are convicted).

[38] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Second Screening Order
Page 9 of 15
Case 3:22-cv-00201-JMK   Document 8   Filed 12/13/23   Page 9 of 15

>           (4)    by not taking such measures, the defendant
> caused the plaintiff's injuries.[39]

With respect to the third element, the defendant's conduct must be objectively unreasonable. A mere lack of due care by a state official does not violate the Fourteenth Amendment. In other words, the pretrial detainee must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[40] This differs from the inquiry under the Eighth Amendment which requires that the "prison official must *subjectively* have a sufficiently culpable state of mind."[41]

### b.  Convicted prisoner medical care claim under the Eighth Amendment

To state a medical care claim under the Eighth Amendment, a convicted prisoner must plausibly allege facts that, if proven, would establish each of the following three elements:

>           (1)    the plaintiff faced a serious medical need;
>
>           (2)    the defendant was deliberately indifferent to that medical need, that is, the defendant knew of that medical need and disregarded it by failing to take reasonable measures to address it; and
>
>           (3)    the defendant's failure to act caused harm to the plaintiff.

---

[39] *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-35 (9th Cir. 2018).

[40] *Id.* at 1125 (quoting *Castro v. Cnty. of Los Angeles,* 833 F.3d 1060, 1071 (9th Cir. 2016)).

[41] *Id.* at 1125 n.4 (citations omitted).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Second Screening Order
Page 10 of 15
Case 3:22-cv-00201-JMK    Document 8    Filed 12/13/23    Page 10 of 15

"Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient" to establish a constitutional deprivation."[42] Further, a difference of medical opinion or as to two alternative courses of medically acceptable treatment is insufficient to establish deliberate indifference.[43] "[T]o show deliberate indifference, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health."[44] Delay of, or interference with, medical treatment can also amount to deliberate indifference.[45] When the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury.[46]

### c. Plaintiff's claims of inadequate medical care

Plaintiff alleges he suffered an injury due to slipping on a wet floor, had surgery on his left arm and left knee, is in constant pain, and that Mr. Houser will

---

[42] *Id.* (internal quotation marks and citation omitted).

[43] *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.), *cert. denied*, 519 U.S. 1029 (1996) (citing *Estelle*, 429 U.S. at 107–08). *See also Simmons v. G. Arnett*, No. 20-55043, 2022 WL 3906207, at *5 (9th Cir. 2022) ("[A]n inadvertent failure to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim.").

[44] *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks and citation omitted).

[45] *See Jett*, 439 F.3d at 1096; *Clement*, 298 F.3d at 905; *Hallett*, 296 F.3d at 744; *Lopez*, 203 F.3d at 1131; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

[46] *See Hallett*, 296 F.3d at 745–46; *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Second Screening Order
Page 11 of 15
Case 3:22-cv-00201-JMK   Document 8   Filed 12/13/23   Page 11 of 15

not authorize any additional care. However, Plaintiff has not provided specific dates or instances in which he was denied care, what specific ongoing injuries he alleges, what medical care he believes he needs, and any specific defendant's role in denying him care. Further, it is unclear if/when Plaintiff was sentenced to determine which claims should be analyzed under the Eighth or the Fourteenth Amendment. Therefore, Plaintiff has not provided sufficient facts to state a claim for the unconstitutional denial of medical care upon which relief could be granted, and this claim must be dismissed. However, the Court will grant Plaintiff leave to file an amended complaint in accordance with the guidance herein. Each claim should be addressed separately and include facts showing how a specific defendant caused or personally participated in causing the alleged harm to Plaintiff.

For events that occurred while Plaintiff was a pre-trial detainee, an amended complaint must allege facts showing the defendant's conduct was objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular event. And for events that occurred after Plaintiff was sentenced, an amended complaint must allege plausible facts that, if proven, would establish that a health care provider chose medically unacceptable treatment (or a lack of

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Second Screening Order
Page 12 of 15
Case 3:22-cv-00201-JMK   Document 8   Filed 12/13/23   Page 12 of 15

treatment) under the circumstances and that the health care provider chose this course in conscious disregard of an excessive risk to Plaintiff's health.[47]

## CONCLUSION

Plaintiff is accorded 30 days from the date of this order to file second amended complaint. An amended complaint replaces the prior complaint in its entirety.[48] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[49] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. An amended complaint should not contain a narrative and it need not contain or have attached to it medical records or other documentation.

Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[50] An amended complaint may not include any claims or

---

[47] *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

[48] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[49] Fed. R. Civ. P. 8(a)(2).

[50] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Second Screening Order
Page 13 of 15
Case 3:22-cv-00201-JMK   Document 8   Filed 12/13/23   Page 13 of 15

defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's First Amendment Complaint at **Docket 7 is DISMISSED** for failing to state a to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **30 days** from the date of this order to file **one of the following:**

    a. <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; **OR**

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form, the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Second Screening Order
Page 14 of 15
Case 3:22-cv-00201-JMK   Document 8   Filed 12/13/23   Page 14 of 15

4. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[51] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

5. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

6. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[52] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

DATED this 13th day of December, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[51] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[52] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:22-cv-00201-JMK, *Copeland v. Houser*
Second Screening Order
Page 15 of 15
Case 3:22-cv-00201-JMK   Document 8   Filed 12/13/23   Page 15 of 15